Sandra **ROMERO–VALENZUELA**,
Petitioner,

v.

Eric H. **HOLDER**, Jr., Attorney
General, Respondent.

No. 09–71525.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 13, 2012.*

Filed Nov. 16, 2012.

Reza Athari, Reza Athari & Associates, PLLC, a Multi–Jurisdictional Firm, Las Vegas, NV, for Petitioner.

Matt Crapo, OIL, Michelle Gorden Latour, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Sandra Romero–Valenzuela, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's decision denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Reynoso–Cisneros v. Gonzales,* 491 F.3d 1001, 1002 (9th Cir. 2007) (per curiam), and we grant the petition for review and remand for further proceedings.

In concluding that the agency lacked jurisdiction to reopen Romero–Valenzuela's proceedings as a result of her prior deportation, the BIA did not have the benefit of *Reyes–Torres v. Holder,* 645 F.3d 1073 (9th Cir.2011), in which we held that 8 C.F.R. § 1003.2(d) did not preclude the filing of a motion to reopen after the petitioner had been removed. *See Reyes–Torres,* 645 F.3d at 1076–77; *see also Reynoso–Cisneros,* 491 F.3d at 1002 (treating departure bars under 8 C.F.R. §§ 1003.2(d) and 1003.23(b)(1) as substantively identical). We remand to the BIA in light of this intervening caselaw.

In light of our disposition, we need not address Romero–Valenzuela's remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

